U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 3 2017
CLERK, U.S. DISTRICT COURT
By ________
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JODIE MOORE, §
§
Petitioner, §
§
v. § No. 4:16-CV-260-A
§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jodie Moore, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. Factual and Procedural History

On August 3, 2006, in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 0944359D, a jury found petitioner guilty of aggravated robbery with a deadly weapon and

the next day assessed his punishment at 45 years' confinement. (Clerk's R. 106, ECF No. 14-11.) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment. (Mem. Op. 35, ECF No. 14-3.) Petitioner was granted an extension until November 23, 2007, to file a petition for discretionary review in the Texas Court of Criminal Appeals, but failed to do so within the time allowed, and, on February 6, 2008, the Texas Court of Criminal Appeals dismissed his untimely petition. (Resp't's Preliminary Answer, Ex. A, ECF No. 15.)

Petitioner also sought postconviction state habeas-corpus relief by filing a state habeas application in the trial court on July 30, 2015,[1] which was denied by the Texas Court of Criminal Appeals on March 2, 2016, without written order or hearing on the findings of the trial court. (State Habeas R. 2, ECF Nos. 14-16 & 14-19.) The instant federal habeas-corpus petition was filed on March 4, 2016.[2]

---

[1]Under the prison mailbox rule, a petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state application does not however provide the date he placed the document in the prison mailing system. Thus, the prison mailbox rule is not applied to his state application.

[2]Similarly, a petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The petition indicates that petitioner placed the document in the prison mailing system on March 4, 2016.

## II. Statute of Limitations

Respondent contends the petition is untimely. (Resp't's Preliminary Answer 4-8, ECF No. 15.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A).[3] In this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Therefore, the judgment became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on November 23, 2007, and closed one year later on November 23, 2008, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application filed

---

[3]On the issue of timeliness, petitioner states that he is not challenging his conviction, a parole revocation, or a disciplinary proceeding but, instead, the "posttrial and appeal" proceedings; thus, he asserts that the statute of limitations does not apply to his case. (Pet. 9, ECF No. 1.) Petitioner's assertion is irrelevant to the statute of limitations calculation, which commences only after state appellate proceedings are completed.

after limitations had expired did not operate to toll the limitations period under the statutory tolling provision in § 2244(d)(2). *Hutson v. Quarterman,* 508 F.3d 236, 240 (5th Cir. 2010); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor does petitioner allege or demonstrate that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* –U.S. –, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). Petitioner did not respond to respondent's preliminary answer or otherwise explain his lengthy delay or make any reference to actual innocence in his petition.

Accordingly, petitioner's federal habeas petition was due on or before November 23, 2008. His petition filed over seven years later on March 4, 2016, is therefore untimely.

For the reasons discussed herein,

It is ORDERED that petitions of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED March 3, 2017.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE