IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JODIE MOORE, §
 §
　　　　Petitioner, §
 §
v. § No. 4:16-CV-260-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
　　　　Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jodie Moore, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On August 3, 2006, in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 0944359D, a jury found petitioner guilty of aggravated robbery with a deadly weapon and

the next day assessed his punishment at 45 years' confinement. (Clerk's R. 106, ECF No. 14-11.) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment. (Mem. Op. 35, ECF No. 14-3.) Petitioner was granted an extension until November 23, 2007, to file a petition for discretionary review in the Texas Court of Criminal Appeals, but failed to do so within the time allowed, and, on February 6, 2008, the Texas Court of Criminal Appeals dismissed his untimely petition. (Resp't's Preliminary Answer, Ex. A, ECF No. 15.)

Petitioner also sought postconviction state habeas-corpus relief by filing a state habeas application in the trial court on July 30, 2015,[1] which was denied by the Texas Court of Criminal Appeals on March 2, 2016, without written order or hearing on the findings of the trial court. (State Habeas R. 2, ECF Nos. 14-16 & 14-19.) The instant federal habeas-corpus petition was filed on March 4, 2016.[2] In two grounds, petitioner claims that he was

---

[1] Under the prison mailbox rule, a petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state application does not however provide the date he placed the document in the prison mailing system. Thus, the prison mailbox rule is not applied to his state application.

[2] Similarly, a petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The petition indicates that petitioner placed the document in the prison mailing system on March 4, 2016.

2

constructively denied counsel at a critical stage of the state adversarial proceedings because his appellate counsel filed a frivolous motion for new trial and that his appellate counsel was ineffective by failing to raise the issue of ineffective assistance of trial counsel in his motion for new trial and on appeal. (Pet. 6-6B, ECF No. 1.)

## II. Statute of Limitations

Respondent contends the petition is untimely. (Resp't's Preliminary Answer 4-8, ECF No. 15.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

>recognized by the Supreme Court and made
>retroactively applicable to cases on collateral
>review; or
>
>>(D) the date on which the factual predicate
>of the claim or claims presented could have been
>discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed
>application for State post-conviction or other
>collateral review with respect to the pertinent
>judgment or claim is pending shall not be counted
>toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

On the issue of timeliness, petitioner asserts that he is not challenging his conviction, a parole revocation, or a disciplinary proceeding but, instead, the "posttrial and appeal" proceedings. Thus, he asserts that the court should not concern itself with the finality of his conviction and that "any limitation period for the claims raised in this case would have to be fashioned at the denial of Petitioner's state habeas raising these issues herein stated." (Pet. 9, ECF No. 1; Pet'r's Reply 4-5, ECF No. 24.) Petitioner's assertion is irrelevant to the statute of limitations calculation, which commences only after state appellate proceedings are completed. The record does not indicate that any unconstitutional state action prevented petitioner from filing an application for federal habeas relief

4

before the end of the limitations period, and petitioner's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B)-(C). To the extent petitioner's argument could be construed as an attempt to trigger subsection (D), at the latest, petitioner could have discovered his ineffective-assistance-of-appellate-counsel claims when the appellate court affirmed his conviction on August 24, 2007. *See Leavelle v. Cockrell*, No. 3-01-CV-1691-D, 2001 WL 1343486, at *2 (N.D.Tex. Oct. 29, 2001). This occurred nearly eight years before petitioner filed his state habeas application. The court finds that petitioner does not satisfy any of the exceptions to the AEDPA statute of limitations under subsections (B), (C) or (D).

Instead, under subsection (A), applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Therefore, the judgment became final and the one-year limitations period began to run

upon expiration of the time that petitioner had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on November 23, 2007, and closed one year later on November 23, 2008, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application filed long after limitations had expired did not operate to toll the limitations period under the statutory tolling provision. *Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2010); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor does petitioner allege or demonstrate that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no reference to actual innocence in his petition. Rather, he asserts that the limitations period was tolled until the Texas Court of Criminal

6

Appeals denied his state habeas action. The court finds no legal support for this argument. On the contrary, the Fifth Circuit has held that an allegation of ineffective assistance on direct appeal in state court is not relevant to the tolling decision, given that appellate counsel's alleged deficiencies occurred before the date on which petitioner's conviction became final–*i.e.*, before the one-year period even began to run. *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000). While a criminal defendant has a right to effective assistance of counsel on a first appeal as of right, an alleged violation of that right does not toll AEDPA's statute of limitations. *Id*. Furthermore, petitioner does not premise his claims of ineffective assistance of appellate counsel on any misrepresentation or misinformation received from counsel that contributed to the lapse of the one-year statute of limitations. *Cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney's misrepresentations may be grounds for equitable tolling); *Vineyard v. Dretke*, 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling is warranted when an attorney affirmatively misinforms his client and causes him to miss the limitations period). Finally, this case does not present the type of extraordinary circumstances and

due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000) (petitioner must pursue the habeas "process with diligence and alacrity"). Petitioner's pro se status and ignorance of the law and filing deadlines do not support equitable tolling of the federal statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). His lengthy and unexplained delay in seeking postconviction habeas relief further mitigates against equitable tolling.

Accordingly, petitioner's federal habeas petition was due on or before November 23, 2008. His petition filed on March 4, 2016, is therefore untimely.

In an apparent attempt to circumvent the AEDPA's statute of limitations, petitioner filed a so-called "Supplemental Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241" in this action, wherein he urges that his claims are reviewable under § 2241, which is not subject to a statute of limitations. (Pet'r's Reply 1-2, ECF No. 24.) However, "[a] state prisoner cannot evade the procedural requirements of § 2254 by filing

something purporting to be a § 2241 petition." *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Prisoners who are in custody under a state court judgment, like petitioner, may not resort to § 2241 in an attempt to circumvent the procedural requirements of § 2254. *See, e.g., Rittenberry v. Morgan*, 468 F.3d 331, 336 n.3, 337-38 (6th Cir. 2006); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *Greenawalt v. Stewart*, 105 F.3d 1287, 1287 (9th Cir.1997).

For the reasons discussed herein,

It is ORDERED that petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling.

SIGNED April 14, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE